Hans Juergen EBERBACH, Renate Eberbach, Appellants (Plaintiffs Below),

v.

Ronald L. McNABNEY, Special Administrator of the Estate of Hanson W. Castor, Deceased, Appellee (Defendant Below).

No. 2–979A292.

Court of Appeals of Indiana, Second District.

May 5, 1981.

Transfer Denied Oct. 6, 1981.

James E. Freeman, Jr., Sansberry, Dickmann, Dickmann & Freeman, Anderson, for appellants.

Daniel J. Harrigan and Edgar Bayliff, Bayliff, Harrigan, Cord & Maugans, P. C., Kokomo, Horace C. Holmes, Holmes & Quigley, Tipton, for appellee.

SHIELDS, Judge.

ON PETITION FOR REHEARING

Appellee McNabney petitions for rehearing of an appeal decided adversely to him in a published decision at 413 N.E.2d 958.

McNabney argues this court erred in reversing the summary judgment granted by the trial court because Eberbach (appellant) failed to present the trial court with any evidence that would make satisfaction of the requirements for relation back set forth in Ind.Rules of Trial Procedure, T.R. 15(C)(1) and (2), a disputed issue of fact. This argument fails to recognize the responsibilities of the movant of a summary judgment motion under T.R. 56.

As a movant, McNabney had the duty under T.R. 56(C) to negate the possibility of Eberbach's recovery by showing: (1) the lack of a genuine issue as to *any* material fact, and (2) he, McNabney, is entitled to judgment as a matter of law.

McNabney's motion was based upon the proposition that a lawsuit filed against a deceased party is a nullity so that an amendment making decedent's estate a party defendant cannot relate back under T.R. 15(C) under any circumstances. Eberbach responded to this motion by arguing that such an amendment can relate back to the time of the filing of the original complaint. In our original opinion we decided this issue in favor of Eberbach by holding an amendment can substitute the estate of the decedent as defendant and the lawsuit will relate back to the time of the filing of the

original complaint if the provisions of T.R. 15(C) are met.

 Now, for the first time, the issue becomes whether, under the circumstances of this case, the amendment made by Eberbach meets the requirements of T.R. 15(C) for relation back. McNabney, of course, could have chosen to make this an issue in his motion for summary judgment by taking the position that the undisputed facts show that T.R. 15(C) did not apply in this case because its requirements were not met. However, McNabney chose not to take this position so there was no necessity for Eberbach to respond to it by coming forward with evidence that there was a genuine issue of material fact as to the satisfaction of the requirements of T.R. 15(C).

Petition for rehearing denied.

BUCHANAN, C. J., and SULLIVAN, J., concur.