Mary T. **BUCKLEY**, Allstate Insurance
Company, Appellants,

v.

**STANDARD INVESTMENT COMPANY**,
d/b/a Charleston Apartments South,
Citizens Gas & Coke Utility, John Doe I
and John Doe II, Appellees.

No. 41S01–9111–CV–922.

Supreme Court of Indiana.

Nov. 22, 1991.

Arthur J. Sullivan, Patrick M. O'Brien,
Steers, Sullivan, McNamar & Rogers, In-
dianapolis, for appellants.

Harry V. Huffman, Indianapolis, Stephen
L. Huddleston, Franklin, James R. McClar-
non, Philip B. McKiernan, Hackman
McClarnon Hulett & Cracraft, Indianapolis,
for appellees.

PETITION TO TRANSFER

DeBRULER, Justice.

This cause comes to us on a petition to
transfer from the First District Court of
Appeals. The issue presented is whether
Citizens Gas & Coke Utility (Citizens) is a
political subdivision of the City of Indianap-
olis entitled to governmental immunity
from liability under the Indiana Tort
Claims Act, Ind.Code 34–4–16.5–1 et seq.
The trial court below granted appellee Citi-
zens' Motion for Summary Judgment stat-
ing that Citizens as an executive depart-
ment of the consolidated City of Indianapo-
lis was entitled to the benefits of the
Indiana Tort Claims Act and was immune
from liability under I.C. 34–4–16.5–3(11).
A divided Court of Appeals affirmed.
*Buckley v. Standard Investment Co.*
(1989), Ind.App., 536 N.E.2d 311 (Ratliff,
C.J., dissenting). For the reasons set forth
below, we now grant transfer and reverse.

Plaintiff-appellant, Mary T. Buckley,
lived in Charleston South Apartments locat-
ed in Indianapolis, Indiana. Three succes-
sive fires ignited in appellant's apartment
during the morning of December 24, 1983,
followed by a fourth fire two days later on
December 26. The first fire, which oc-
curred at approximately 5:00 a.m. on De-
cember 24, was a small fire behind appel-
lant's refrigerator which she extinguished
by using the hand-sprayer from her kitchen
sink. The second fire occurred approxi-
mately two hours later as appellant was
cleaning up the water on the floor from the
first fire. Appellant opened the oven door
and it exploded, throwing her back against
the opposite wall and causing her personal
injuries. Appellant then called the Perry
Township Fire Department which extin-
guished the fire. A third fire started be-
hind the stove shortly after the fire depart-
ment left appellant's apartment. Appellant
again called the fire department which ex-
tinguished the fire, notified Citizens of the
problem and advised it to shut off the gas
and inspect the lines. Citizens' employee
inspected the lines and restored gas service
after finding no leak. Two days later, on
December 26, the fourth fire started in the
dining room along the common wall adja-

cent to the kitchen. This fire completely destroyed appellant's apartment and belongings.

After the fourth fire the concrete slab floor in the kitchen was excavated, exposing a cracked gas line lying beneath it. Buckley filed a complaint against appellees, alleging that Citizens' employee negligently inspected her gas lines. Citizens filed an answer to Buckley's complaint denying liability and asserting affirmative defenses, specifically that it was immune from liability under the Indiana Tort Claims Act.

Citizens filed a Motion for Summary Judgment on May 7, 1987, on that basis, alleging that it was immune from liability for making an inadequate or negligent inspection pursuant to I.C. 34-4-16.5-3(11). On January 21, 1988, the trial court, following a hearing on the motion, entered summary judgment on behalf of Citizens, finding that Citizens was entitled to immunity from liability under the Tort Claims Act as an executive department of the City of Indianapolis.

The Court of Appeals affirmed the trial court's order granting summary judgment. The court stated that Citizens, as an executive department of a consolidated city under the control of the Board of Directors for Utilities, meets the definition of a political subdivision as a city or a board or commission of a city pursuant to I.C. 34-4-16.5-2(5)(iii), (x) and is entitled to immunity under the Indiana Tort Claims Act. Appellant now brings this petition to transfer, contending that the Court of Appeals majority erred when it concluded that Citizens was immune from liability under I.C. 34-4-16.5-3(11).

Appellant asserts that Citizens is not a governmental entity entitled to immunity from liability under the Indiana Tort Claims Act for an allegedly negligent inspection of her gas lines. I.C. 34-4-16.5-3(11) states:

A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

. . . .

(11) Failure to make an inspection, or making an inadequate or negligent in-

spection, of any property, other than the property of a governmental entity, to determine whether the property complied with or violates any law or contains a hazard to health or safety[.]

A governmental entity is defined as "the state or a political subdivision of the state." I.C. 34-4-16.5-2(2). The term political subdivision is defined by I.C. 34-4-16.5-2(5) to include a:

(i) County,

(ii) Township,

(iii) City,

(iv) Town,

(v) Separate municipal corporation,

(vi) Special taxing district,

(vii) State college or university,

(viii) City or county hospital,

(ix) School corporation, or

(x) Board or commission of one [1] of the entities listed in clauses (i) through (ix), inclusive, of this subdivision[.]

The Court of Appeals determined that Citizens qualifies as a political subdivision of the state both through subsections (iii) and (x) because it is controlled by the Board of Directors for Utilities. The Board of Directors is created by statute to supervise and control the department of public utilities. It consists of members who are appointed annually by a Board of Trustees of Utilities. I.C. 8-1-11.1-1(a). Citizens is operated under the authority of I.C. 8-1-11.1-1 et seq. which enables the City of Indianapolis to hold the assets of Citizens, through the Board of Trustees, as the res of a public charitable trust. We find that this tenuous statutory connection between the city and the operations of Citizens is not the type of relationship required to entitle Citizens to the benefits of immunity from tort liability.

The Board of Directors for Utilities is the body charged by statute with "the exclusive government, management, regulation, and control" of Citizens. I.C. 8-1-11.1-3(a). The Board of Directors, however, is not made answerable to the city through this chapter. Each director is appointed by the Board of Trustees, and can be removed summarily and at any time by a majority

vote of that body. I.C. 8–1–11.1–1(k). While we note that the Board of Trustees is required to have some of the trappings of a governmental entity, i.e. the trustees take an oath of office and must have been city residents for five years, I.C. 8–1–11.1–1(e), (f), the connection between the city government and the Board of Trustees is slight and does not involve control over the actions or the makeup of the board.

The Board of Trustees is a self-perpetuating body that was not created by I.C. 8–1–11.1–1 et seq. There is no section that provides for the initial appointment of trustees, and the trustees nominate their own successors who are then mandatorily appointed by the mayor. I.C. 8–1–11.1–1(d). The mayor is, in essence, a rubber stamp by statute. The mayor also has no power to remove a trustee. The mayor, or a majority of the city-county council, may file a complaint with a circuit or superior court which is tried like any other civil case. A trustee can only be removed upon order and judgment of the court, and only for cause. I.C. 8–1–11.1–1(O). In addition, the Board of Trustees elects its own officers, I.C. 8–1–11.1–1(h), and is authorized to adopt "rules, regulations and by-laws for their own governance," I.C. 8–1–11.1–1(p).

In sum, the statutory scheme under which Citizens is operated does not create a governmental entity. The legislature cannot simply mention an existing, independent Board of Trustees in a statute which allows them to maintain that independence and thereby make them a department of a city.

We therefore conclude that the trial court's decision to grant appellee's Motion for Summary Judgment was improper. Under Ind. Trial Rule 56 the movant bears the burden of establishing that no material facts are at issue and that he is entitled to jugment as a matter of law. *Eberbach v. McNabney* (1981), Ind.App., 421 N.E.2d 651. For the reasons stated above, Citizens cannot meet its burden of proving that it is entitled to immunity from liability under the Indiana Tort Claims Act.

Accordingly, we now grant transfer. The Court of Appeals opinion reported at 536 N.E.2d 311 is hereby vacated and the summary judgment entered in favor of Citizens Gas & Coke Utility and against Mary T. Buckley is reversed, and this matter is remanded to the trial court for further proceeding consistent with this opinion.

GIVAN and DICKSON, JJ., concur.

KRAHULIK, J., concurs in result.

SHEPARD, C.J., dissents without opinion.