In the Matter of Robertha E. WATHEN,
Appellant–Plaintiff,

v.

GREENCASTLE SKATE PLACE,
INC., Appellee–Defendant.

No. 67A01–9206–CV–170.

Court of Appeals of Indiana,
First District.

Jan. 26, 1993.

Sondra L. Burger, Charles D. Hankey Law Offices, Indianapolis, for appellant-plaintiff.

William H. Kelley, James L. Whitlatch, Bunger, Robertson, Kelley & Steger, Bloomington, for appellee-defendant.

ROBERTSON, Judge.

Robertha E. Wathen appeals from the grant of summary judgment in favor of Greencastle Skate Place, Inc., in her personal injury suit. She alleges the following:

The trial court erred in granting the defendant corporation's motion for judgment on the pleadings and dismissing the corporation from the suit as the amended complaint related back to the original complaint.

We affirm.

The facts are undisputed. The evidence reveals that Wathen sustained personal injuries when she slipped on some ice and fell in the parking lot outside the Putnam County Welfare Department on March 8, 1989. On March 6, 1991, she filed her complaint against Frank and Sharon Hutcheson, whom she claimed had owned, supervised, and maintained the parking lot. Counsel for the Hutchesons entered an appearance on March 22, 1991. The Hutchesons filed their answer on March 28, 1991, and denied that they had ever owned, supervised, and maintained the parking lot.

On May 17, 1991, the Hutchesons filed a motion for summary judgment, accompanied by a memorandum and two affidavits. The affidavits, one from each of them, show:

1. That I am a competent adult and have personal knowledge of the representations contained in this affidavit.

2. That I do not own and have never owned the parking lot or any property located at [the address in question].

3. That the owner of such property is Greencastle Skate Place, Inc.

4. That I own one-sixth interest in Greencastle Skate Place, Inc., along with four other people.

5. That I have no duties with regard to snow removal, ice removal or control on the property in question.

The Hutchesons claimed they owed Wathen absolutely no duty because they were mere stockholders of Greencastle Skate Place, Inc., a separate legal entity which owned the property in question. They claimed they were not personally liable for the torts of the corporation because they had no additional connection with the tort.

On July 5, 1991, Wathen moved to amend her complaint to include Greencastle Skate Place, Inc., as a defendant. Wathen claimed that the Hutchesons and Greencastle Skate Place, Inc., owned, supervised, and maintained the parking lot at all pertinent times. On July 19, 1991, the trial court granted the motion to amend the complaint and ordered the clerk to issue summons on the amended complaint.

On July 27, 1991, counsel for the Hutchesons entered his appearance as counsel for Greencastle Skate Place, Inc., and filed an

answer to the amended complaint. The Hutchesons and Greencastle Skate Place, Inc., denied the allegations that they had owned, supervised, and maintained the parking lot. In addition, they stated that the cause of action was barred as to Greencastle Skate Place, Inc., by reason of the applicable statute of limitations.

On September 30, 1991, Wathen filed a motion to dismiss the Hutchesons in their individual capacities. The trial court granted the motion the same day.

On October 11, 1991, Greencastle Skate Place, Inc., moved for judgment on the pleadings because Wathen had not commenced the action against it within the applicable two-year statute of limitations. Wathen characterized this motion as a motion to dismiss and filed a brief in opposition to it on January 31, 1992. Wathen claimed that the amended complaint, which included Greencastle Skate Place, Inc., as a defendant, related back to the original complaint, which had been filed within the two-year statute of limitations. Wathen based her claim on matters outside the pleadings, that is, that the Hutchesons are shareholders in Greencastle Skate Place, Inc., and that the same attorney represents both the Hutchesons and Greencastle Skate Place, Inc.

The trial court granted the motion of Greencastle Skate Place, Inc., because the complaint against it contained a new and independent claim against a distinct legal entity and did not relate back to the complaint against the Hutchesons under Ind.Trial Rule 15(C). In so doing, the court considered matters outside the pleadings, specifically that the Hutchesons are mere stockholders of Greencastle Skate Place, Inc. Consistent with Ind.Trial Rule 12(C), we shall treat the motion as one for summary judgment and shall dispose of it as provided in Ind.Trial Rule 56.

The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Bassett v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18. We must consider all the designated material, the pleadings, affidavits, deposi-tions, admissions, answers to interrogatories, and testimony, in the light most favorable to the nonmovant to determine whether a genuine issue of material fact remains for resolution by a trier of fact. T.R. 56(C); *Ayres v. Indian Heights Volunteer Fire Dept., Inc.* (1986), Ind., 493 N.E.2d 1229. Summary judgment is appropriate when there is no dispute or conflict regarding facts which are dispositive of the dispute. *Madison County Bank & Trust Co. v. Kreegar* (1987), Ind., 514 N.E.2d 279.

The movant bears the burden to show the absence of a factual issue and his entitlement to judgment as a matter of law. *Norman v. Turkey Run Community School Corp.* (1980), 274 Ind. 310, 411 N.E.2d 614. When evidence presented by the movant establishes a lack of any genuine issue of material fact, however, the nonmovant may not rest upon the mere allegations or denials of her pleadings but must respond by affidavit or by other appropriate evidence, setting forth specific facts to show that a genuine issue exists for trial. *Kerr v. Carlos* (1991), Ind.App., 582 N.E.2d 860, 865.

In a summary judgment proceeding in which the movant raises an affirmative defense based upon a statute of limitations, it need only make a prima facie showing that the cause of action was commenced beyond the statutory period. *Creighton v. Caylor–Nickel Hosp., Inc.*, (1985), Ind.App., 484 N.E.2d 1303, *trans. denied.* The burden then falls on the opponent of the motion to establish the existence of material facts in avoidance of the statute of limitations defense. *Id.* (quoting *Conard v. Waugh* (1985), Ind.App., 474 N.E.2d 130.)

The parties acknowledge that the applicable statute of limitations is two years. Indiana Code Section 34–1–2–2(1) states that, for injuries to person, actions shall be commenced within two years after the cause of action has accrued, and not afterwards. The parties do not dispute that the statute of limitations began to run on the date of the injuries, March 8, 1989.

Greencastle Skate Place, Inc., essentially claimed that summary judgment should be granted because Wathen had not com-

menced her action against it within the limitations period. Wathen filed her complaint against the Hutchesons on March 6, 1991, which was within two years of the date of the injuries. The summons show that a sheriff's officer served the Hutchesons individually on March 8, 1991, which was the last day of the limitations period. Thereafter, on July 19, 1991, the trial court allowed Wathen to amend her complaint to include Greencastle Skate Place, Inc., as a defendant. Wathen counters that T.R. 15(C) allows the amendment to relate back to the original complaint. That rule, in pertinent part, states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ Initially, in order to relate back, the amendment must comply with the first sentence of T.R. 15(C). For example, a party may move to amend a claim to correctly name a misnamed party which is already in the suit. Substitution due to misnomer applies to a misnomer of the same party, not of a different party. *Berns Constr. Co., Inc. v. Miller* (1986), Ind.App., 491 N.E.2d 565, *summarily affirmed* (1987), 516 N.E.2d 1053. If the trial court allows a party to amend a pleading, then the amended complaint will relate back to the date of the original complaint if the claim in the amended complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint.

■ An amendment to change the party against whom a claim is asserted, however, must comply with some additional requirements to relate back. Our supreme court has stated:

> "The word 'changing' has been liberally construed by the courts, so that amendments simply adding or dropping parties, as well as amendments that actually substitute defendants, fall within the ambit of the rule." Wright and Miller, *supra* [6 Wright, Miller, & Kane Federal Practice and Procedure, Sec. 1498, n. 93].

*State Ex Rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 359, 332 N.E.2d 99, 102. So long as the named party or parties differ in any form after the amendment, it is an amendment "changing the party." *Lamberson v. Crouse* (1982), Ind. App., 436 N.E.2d 104.

After the statute of limitations has run, a plaintiff may add an entirely new defendant only after demonstrating the conditions of T.R. 15(C) have been satisfied. *Hupp v. Hill* (1991), Ind.App., 576 N.E.2d 1320. If the trial court allows a party to amend a pleading which changes the party against whom a claim is asserted, then the amended pleading relates back if it complies with the following. First, the amended pleading satisfies the first sentence of T.R. 15(C). Second, within the period provided by law for commencing the action, the party to be brought in by the amendment has "received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits." Third, also within the period provided by the law for commencing the action, the party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought" against the party to be brought in by the amendment. *See Lamberson*, 436 N.E.2d at 106.

Wathen's claim, asserted in the amended complaint against Greencastle Skate Place, Inc., arose out of the occurrence set forth against the Hutchesons in the original complaint. Wathen's claim in the complaint

and in the amended complaint each involved personal injuries sustained when she slipped on some ice and fell in the parking lot outside the Putnam County Welfare Department on March 8, 1989. The amendment therefore satisfies the first sentence of T.R. 15(C).

■ Trial Rule 15(C) does not require process or that a summons be served before the statute of limitations has expired. What is required is such notice of the institution of the action that the added defendant will not be prejudiced in maintaining his defense on the merits. *Waldron v. Wilson* (1989), Ind., 532 N.E.2d 1154, 1156. Because of this, our decision does not rest on service upon organizations under T.R. 4.6, which allows service to be made by service upon any executive officer of the organization. An "executive officer" of an organization includes a majority shareholder under Ind.Trial Rule 83(2). The notice contemplated by T.R. 15(C) may be achieved by less than this.

■ The amendment here did not correct a misnomer, that is, change the name of a misnamed party already before the court to the correct name of that party. The amendment added a theretofore unnamed party against whom the claim was asserted, that is, a separate legal entity. The Hutchesons' affidavits showed that they had never owned the parking lot or any property located at the address in question; that the owner of the property was Greencastle Skate Place, Inc.; and that each owned one-sixth interest in Greencastle Skate Place, Inc. The corporation is a separate and distinct legal entity from the Hutchesons and must itself have "received such notice of the institution of the action that it will not be prejudiced in maintaining [its] defense on the merits" within the period provided by law for commencing the action. Wathen contends, however, that notice to a shareholder is notice to the corporation. Specifically, she claims that timely service upon the Hutchesens, as shareholders, constituted notice to the corporation within the ambit of T.R. 15(C). Under some factual circumstances we would have agreed with this claim, but we

cannot conclude that this would be so in all cases or that it is so in the present case.

While we decide this case on the content of T.R. 15(C) and on the Indiana case law which interprets it, one source instructs us about the decisions of other jurisdictions in this way:

Since the stockholders of a corporation, individually, are not its agents, and have no authority to bind it, the rule is well settled that notice to individual corporators or stockholders, or knowledge of facts possessed by them, is not notice to the corporation, where there are other stockholders, and where the persons having the knowledge are not also officers of the corporation. Of course, if they are also officers, and the knowledge relates to matters in which they act for or represent the corporation, it is different.... An individual's knowledge may also be imputed to the corporation, despite the fact that the person is only a minority shareholder, if the person is authorized to act as an agent for the corporation on a given matter. A corporation may be chargeable with notice of facts known to all the stockholders, or to a stockholder owning all the stock. But it is not enough that some of the corporators, but not all, have notice, even in the case of a family or close corporation.

Fletcher Cyc. Corp., Sec. 814 (footnotes omitted).

The record does not show that the Hutchesons were officers or directors of Greencastle Skate Place, Inc., nor that they were agents for the purpose of receipt of notice. The corporation cannot be said to have received such notice of the institution of the action that it will not be prejudiced in maintaining its defense on the merits merely because two shareholders who comprise a minority have received service of summons. Likewise, because it did not receive such notice, the corporation cannot be said to have known, nor should it have known, that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. *Cf. Bowling v. Holdeman* (1980), Ind.App., 413 N.E.2d 1010 (interrogatories and answers,

which had not been admitted and therefore were not considered, were used to bolster the claim that the sued individual (75 percent stock owner and president) and the added corporation were one and the same, but the record showed nothing more than that plaintiff had sued the wrong party).

In *Waldron,* 532 N.E.2d 1154, Waldron filed the complaint on the last day within the statute of limitations. The Wilsons, who were employees, officers, directors, and sole shareholders of the corporation sought to be brought in by amendment, received the complaint and summons the next day. Our supreme court stated that the added defendant had had notice that the action had been instituted before the statute had run because the liability insurance carrier for the Wilsons and the corporation had been notified by the workmen's compensation carrier for Waldron's employer of its claim for subrogation within the statute of limitations and therefore "the necessary parties were notified of the impending action." *Id.* at 1156.

In the present case, the Hutchesons received notice within the limitations period but no person with the authority to receive notice on behalf of Greencastle Skate Place, Inc., received notice of the impending action within the period provided by law for commencing the action. Moreover, the concurring opinion in *Waldron* analyzed the situation there as follows:

> Because the filing of the complaint constituted constructive notice to the named defendants Earl Wilson and Max L. Wilson "within the period provided by law for commencing the action," I agree that such notice was likewise sufficient under T.R. 15(C) to timely notify Wilson Livestock Farms, Inc., the farming corporation of which the defendants were the sole officers and directors. The corporation cannot thereby be prejudiced in maintaining its defense on the merits.

*Id.* at 1157. In the present case, while the filing of the complaint and service of process constituted notice to the Hutchesons as named defendants "within the period provided by law for commencing the action," such notice was not sufficient under

T.R. 15(C) to timely notify Greencastle Skate Place, Inc., which was the corporation of which the Hutchesons were mere minority shareholders and not officers or directors.

In *Creighton v. Caylor–Nickel Hosp., Inc.,* 484 N.E.2d 1303, Creighton was injured while a patient in the Hospital, which was a separate legal entity from a Clinic with the same Caylor–Nickel name. He filed his proposed complaint against the Clinic, not the Hospital, five days before the statute of limitations was to have run on the malpractice claim. The Commissioner of Insurance forwarded a copy of the proposed complaint to the Clinic two days before the statute of limitations was to have run on the claim. The Clinic's risk manager, who was also the Hospital's risk manager, received the proposed complaint six days later. When Creighton was informed that the Clinic and the Hospital were separate legal entities, he mailed an amended proposed complaint in which he named the Hospital as a defendant for the first time. The Indiana Patient's Compensation Authority received this proposed complaint eight days after the statute of limitations had expired but back dated the proposed complaint to the date the original proposed complaint had been filed. The Authority then mailed the amended proposed complaint to the risk manager for the Hospital. The court in *Creighton* allowed the amendment to relate back to the original proposed complaint because the Hospital had received constructive notice of the claim within the limitations period when the original proposed complaint was filed with the Authority as the agent, by statute, of all registered health care providers.

To the extent which the *Creighton* court addresses constructive notice, it is consistent with the concurring opinion in *Waldron.* In the present case, however, the record does not show that anyone who could be held to have received notice on behalf of Greencastle Skate Place, Inc., received notice within the period provided by law for commencing the action. We have concluded above that, under the facts of the present case, mere notice to the two

non-agent minority shareholders of Greencastle Skate Place, Inc., did not constitute such notice to the corporation.

█ Some Indiana opinions have analyzed an "identity of interest" between the person who has received notice and the person to be brought in by the amendment. In *Honda Motor Co., Ltd. v. Parks* (1985), Ind.App., 485 N.E.2d 644, for example, the court found an identity of interest between a parent and a subsidiary corporation such that the institution of the action against the subsidiary served as constructive notice of the action to the parent, which had been added after the limitations period had expired, due to the close relationship in business or other activities. In such a case, it was fair to presume that the added party had learned about the institution of the action. We cannot conclude, however, that the two mere minority shareholders here have such an identity of interest with the corporation that service of process on the first constitutes notice to the second within the scope of T.R. 15(C).

█ Wathen also claims that the requirements of T.R. 15(C) were met because Greencastle Skate Place, Inc., received "such notice of the institution of the action" through its attorney, who was also the Hutchesons' attorney. We do not agree under the facts of this case. The statute of limitations ran on March 8, 1991. The evidence most favorable to Wathen reveals that counsel for the Hutchesons entered an appearance on March 22, 1991. The record does not show that the attorney had had notice of the suit before this date or that the attorney had been counsel to the corporation at the time. The attorney did not enter his appearance for the corporation until July 27, 1991. Thus, even if notice to the corporation's attorney could be said to have been constructive notice or "such notice to the corporation of the institution of the action that the corporation would not be prejudiced in maintaining [its] defense on the merits," the attorney had not received such notice within the period provided by law for commencing the action and, therefore, neither had the corporation.

The evidence most favorable to Wathen initially showed the trial court that, within the period provided by law for commencing the action against it, two minority shareholders of the party to be brought in by amendment had received summons. The limitations period then had run. Thereafter, the attorney, who would represent the shareholders and who eventually would represent the corporation, had entered an appearance. Wathen had subsequently amended her complaint to add the corporation. Nothing in the pleadings showed that Greencastle Skate Place, Inc., had received any notice of the institution of the action through someone whom notice could be effected upon the corporation, be it an officer, director, agent, or other. Greencastle Skate Place, Inc., initially established the absence of a factual issue and its entitlement to judgment as a matter of law. Greencastle Skate Place, Inc., thereby made a prima facie showing that the cause of action had been commenced beyond the statutory period.

At that point, Wathen could not rest upon the mere allegations in her amended complaint but should have responded by affidavit or by other appropriate evidence to set forth specific facts to show the existence of a genuine issue of fact. In other words, the burden fell upon Wathen to establish the existence of material facts in avoidance of the statute of limitations defense. She did not, however, show or establish that the corporation, Greencastle Skate Place, Inc., had received any notice which could be considered such notice of the institution of the action that it would not be prejudiced in maintaining its defense on the merits. *Cf. Conard,* 474 N.E.2d at 135 (suggestion of possibility of a factual issue (in the form of a belief that, in the normal course of events following the service of the summons and complaint on a hospital, the hospital would have identified the unnamed examining physician; that the hospital would have notified the physician of the institution of the action; and that the hospital would have notified the physician that, but for a mistake concerning the identity of the proper defendant, the action would have been brought against the physi-

cian and not the hospital) not sufficient to establish a genuine issue of material fact with regard to whether the physician received the sort of notice that T.R. 15(C) requires for relation back of a pleading).

Wathen therefore has not shown or established that the amended complaint, which changed the party against whom the claim was asserted, should relate back to the original complaint so that the statute of limitations is defeated. To decide otherwise would deprive Greencastle Skate Place, Inc., of the security and stability the statute of limitations is intended to afford.

The claimant bears the burden to bring suit against the proper party within the statute of limitations. *See Logan v. Schafer* (1991), Ind.App., 567 N.E.2d 855, 857. The party which seeks relation back bears the burden to prove that the conditions of T.R. 15(C) are met. *Anderson v. Scott* (1991), Ind.App., 575 N.E.2d 672. Wathen met neither of these burdens, and the trial court therefore properly entered summary judgment against her.

Judgment affirmed.

SHARPNACK, C.J., and BARTEAU, J., concur.