Louis SHAFER and Cecilia Esther Shafer and Lindsey M. Shafer and Casey A. Shafer, Minors, by Their Next Friend, Kelly SHAFER, Appellants–Plaintiffs,

v.

David LIEURANCE and Lieurance Farms, Inc., Appellees–Defendants.

No. 27A02–9506–CV–357.

Court of Appeals of Indiana.

Dec. 28, 1995.

---

James A. McKown, Jr., Marion, for appellants.

Thomas J. Trauring, Fell, McGarvey, Trauring & Wilson, Kokomo, for appellees.

## OPINION

FRIEDLANDER, Judge.

Louis Shafer, his wife Cecilia Esther Shafer, and Kelly Shafer and his minor children Lindsey M. Shafer and Casey A. Shafer (the Shafers), appeal from a dismissal of the Shafers' complaint for damages against Lieurance Farms, Inc. (Farms) in the Schafers' personal injury action against David Lieurance and Lieurance Farms, Inc. The Shafers present the following restated issue for review:

> Did the trial court err in granting Farms's motion to dismiss on the ground that the addition of Farms as a defendant was not timely?

We affirm.

The facts favorable to the Shafers are that on June 6, 1991, the Shafers' car struck a bull owned by Farms, resulting in personal injuries to the Shafers. On June 4, 1993, the Shafers filed a complaint for damages against David Lieurance individually based upon their belief that Lieurance owned the bull.[1] The certificate of service reflects that the complaint was served upon Lieurance in care of Galen Beaty, Claims Representative for Indiana Farmers' Mutual Insurance Company, Lieurance's insurer, on June 7, 1993. Beaty informed Lieurance of the complaint in a June 15, 1993 letter. On July 12, 1993, Lieurance filed his answer, denying the allegations set forth in Paragraph 3 of the complaint, which states: "the defendant was the owner of real property located in Wells County, Indiana, and was further the owner and/or responsible for the maintenance of certain chattel property, to-wit: a bull." *Record* at 7.

On September 21, 1993, Lieurance filed an amended answer and a motion for summary judgment, asserting that he did not own the bull and therefore was not responsible for its supervision. Lieurance attached to the summary judgment motion an affidavit stating:

> "3. That Lieurance Farms, Inc. wholly owns and conducts the farming operations on said property.

---

1. Apart from the fact that Lieurance was Farms's agent for the purpose of receiving service of process, the precise nature of the relationship between Lieurance and Farms is not apparent in the record.

4. That Lieurance Farms, Inc. wholly owns and maintains the chattel property to which plaintiffs refer in their Complaint (i.e. the bull).

5. The affiant, at all times pertinent to this action, was not the master of Lieurance Farms, Inc." *Record* at 46.

On June 23, 1994, the Shafers petitioned for leave to amend their complaint, for the purpose of adding Farms as a defendant. The trial court granted the motion. On August 30, 1994, the trial court entered partial summary judgment in favor of Lieurance individually, ruling that he was not liable for the Shafers' injuries because he did not own the bull, nor was he responsible for controlling it. On September 28, 1994, Farms filed a motion to dismiss on the ground that the amended complaint naming it as a party defendant was filed after the two-year statute of limitations had expired. On March 16, 1995, the trial court granted Farms's motion to dismiss.

■■ The Shafers contend that the addition of Farms as a defendant in the amended complaint was timely pursuant to T.R. 15(C), which states:

"(C) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him."

According to T.R. 15(C)(1), in order for the addition of a defendant after the expiration of the statute of limitations to relate back to the date of the filing of the original complaint, the added party must have received notice of the institution of the action within the limitations period. *Wathen v. Greencastle Skate Place, Inc.* (1993), Ind.App., 606 N.E.2d 887. In the instant case, the statute of limitations expired two years after the Shafers collided with the bull. Therefore, the amended complaint was timely pursuant to T.R. 15(C) only if Farms received notice of the filing of the complaint on or before June 6, 1993.

■■ We note that the original service of process upon Lieurance individually was defective because the complaint was not mailed to Lieurance, but was instead mailed to his insurer. When service of process is made upon a defendant's insurer and not the defendant, the service is defective and personal jurisdiction over the defendant is not attained. *Poteet v. Bethke* (1987), Ind.App., 507 N.E.2d 652. Rule 12 of the Indiana Rules of Trial Procedure states, however, that the defense of lack of personal jurisdiction "shall be asserted in the responsive pleading thereto if one is required." The defense is waived if not asserted either in a motion submitted prior to filing a responsive pleading, or if not asserted in the responsive pleading itself. *Clay v. Wright* (1994), Ind. App., 629 N.E.2d 857, *trans. denied, cert. denied,* —— U.S. ——, 115 S.Ct. 636, 130 L.Ed.2d 543; T.R. 12(H). Lieurance did not raise the trial court's lack of personal jurisdiction over him either prior to or in his answer. Therefore, Lieurance waived the defect, the trial court obtained jurisdiction over his person, and the action against him individually was viable. The Shafers seem to imply that Lieurance's waiver of the in personam jurisdictional defect as to him individually constituted constructive timely notice to Farms of the institution of the action. The Shafers' argument is flawed in that it fails to acknowledge that David Lieurance and Farms are separate entities and the viability of the respective actions against them are dependent upon different facts.

The action against Lieurance was viable, even though service of process was faulty, because Lieurance filed an answer without challenging the defective service, thereby waiving the defect. On the other hand, because Farms was named as defendant after

**232**

the expiration of the statute of limitations, the viability of the action against it depended upon whether the amended complaint satisfied the T.R. 15(C) criteria for relation back to the date of the filing of the original complaint.

■ The first criterion under T.R. 15(C) is that the added party had notice of the institution of the action prior to the expiration of the statute of limitations. Therefore, the dispositive fact in determining the applicability of T.R. 15(C) is the date of Lieurance's, and thus Farms's, notice. *See Sutton v. Sanders* (1990), Ind.App., 556 N.E.2d 1362. "Notice" within the meaning of T.R. 15(C) refers to *actual* notice by either the added party or its agent. *See Sutton, supra.* Notwithstanding Lieurance's subsequent waiver of defective service of process as to him individually, he did not actually learn of the institution of the action until June 15, nine days after the statute of limitations had expired. Accordingly, Farms did not have notice of the institution of the action until after the statute of limitations had expired and the requirements of T.R. 15(C) were not met. The trial court did not err in dismissing the action against Farms.

Judgment affirmed.

SULLIVAN and RILEY, JJ., concur.