CROSMAN CORPORATION d/b/a
Crosman Airguns, Appellant–
Defendant,

v.

Donald L. MILLENDER and Susan K.
Millender, Appellees–Plaintiffs,

No. 45A04–9801–CV–4.

Court of Appeals of Indiana.

Nov. 6, 1998.

Terence M. Austgen, Elizabeth M. Bezak, Singleton Crist Patterson & Austgen, Munster, Steven E. Danekas, Wildman Harrold Allen & Dixon, Chicago, IL, for Appellant–Defendant.

Jeffrey J. Shaw, Shaw Kupsis & Phillips, Valparaiso, for Appellees–Plaintiffs.

## OPINION

SHARPNACK, Chief Judge.

This case comes to us on interlocutory appeal. Crosman Corporation ("Crosman") appeals the trial court's order denying its motion to dismiss Donald L. and Susan K. Millender's amended complaint adding Crosman as a defendant. Crosman raises one issue which we restate as whether the trial court erroneously denied Crosman's motion to dismiss on the grounds that the Millenders' amended complaint related back to their original complaint under Ind. Trial Rule 15(C). We reverse.

The facts most favorable to the judgment follow. On May 28, 1996, the Millender's filed a complaint against Crosman Products, Inc. d/b/a Crosman Airguns. In their complaint, the Millenders alleged that "[o]n or about May 27, 1994, while he was in the exercise of due care, [Donald], was caused to suffer great injuries when he was shot under the left eye by his seven year old son with a Crosman Powermaster Air Rifle, Model 66C." Record, p. 8. The clerk of the Superior Court of Lake County sent a copy of the complaint and summons to "Crosman Products, Inc." at Rts 5 and 20, P.O. Box 308, East Bloomfield, New York, via certified mail with the United States Postal Service. Record, pp. 14–16. On June 3, 1996, "S. Woodcock" received the documents and signed the domestic return receipt for Crosman Products, Inc. ("CPI"). Record, p. 16.

On July 29, 1996, CPI filed an answer to the Millenders' complaint.[1] In the answer, CPI denied manufacturing the air rifle and named Crosman as the most likely manufacturer. CPI later filed a motion for summary judgment. In its designated materials, CPI explained the history of the brandname "Crosman Airguns." Prior to July 20, 1989, The Coleman Company, Inc. ("Coleman") owned and operated "Crosman Airguns" as an unincorporated division.[2] On July 20, 1989, Coleman transferred its airgun assets into its subsidiary CPI.[3] On August 27, 1990,

---

1. The Millenders state that Crosman apparently forwarded the complaint to CPI. The record does not reveal how CPI obtained the complaint. Nonetheless, the record is clear that Crosman received the summons and complaint on June 3, 1996. Therefore, we do not resolve how CPI became aware of the complaint and cause of action.

2. Coleman is now known as New Coleman Holdings, Inc.

3. CPI is now known as CP Coleman Acquisition, Inc.

Coleman sold the assets of CPI to "an unrelated, distinct, separate and independent third party known as Crosman Corporation." Record, pp. 45–46. As the air rifle involved in the accident contained the serial number 093730488, CPI concluded that it was manufactured by Crosman.

Based upon CPI's responsive pleading and motion for summary judgment, the Millenders filed a motion to amend their complaint to name Crosman as the proper defendant. The trial court granted the motion but reserved the question as to whether the amendment would relate back to the original filing or notice. The trial court also granted CPI's motion for summary judgment. The clerk of the Superior Court of Lake County sent a copy of the complaint and summons to "Crosman Corp. D/B/A Crosman Airguns" at Rts 5 and 20, P.O. Box 308, East Bloomfield, New York, via certified mail with the United States Postal Service. Record, pp. 67–68. On December 5, 1996, "S. Woodcock" received the documents and signed the domestic return receipt. Record, p. 68. Crosman then filed a motion to dismiss on the grounds that the amended complaint did not relate back to the original complaint and, therefore, Crosman did not receive notice within the statute of limitations. The trial court denied the motion to dismiss.

The sole issue is whether the trial court erroneously denied Crosman's motion to dismiss on the grounds that the Millender's amended complaint related back to their original complaint under T.R. 15(C). Trial Rule 15(C) provides that:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law commencing the action against him,* the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him."

T.R. 15(C) (emphasis added).[4] Crosman contends that it constituted a new party named to the lawsuit and could not be added to the complaint after the statute of limitations had elapsed.

■■■ Our inquiry begins with a determination of whether CPI and Crosman should be considered the same party under T.R. 15(C). Where a party seeks to substitute the named defendant on an original complaint with a different name to correct a misnomer, the party must merely demonstrate that the claim arose out of the same conduct alleged in the original complaint. T.R. 15(C); *Fifer v. Soretore–Dodds,* 680 N.E.2d 889, 891 (Ind. Ct.App.1997), *reh'g denied, trans. denied,* 698 N.E.2d 1182. However, we have held that this rule applies only to situations involving the same party, not different parties. *Fifer,* 680 N.E.2d at 891. Here, the Millenders argue that CPI and Crosman are the same party. However, the record contains two affidavits from officers of both CPI and Crosman that support the claim that the two corporations are separate and distinct entities. Thus, although there are similarities and connections between the two entities, we find them to be two separate and distinct parties. Therefore, Millender must satisfy the remaining two requirements of T.R. 15(C). *See id.* (holding that a party seeking to amend a complaint by changing the party against whom the claim is asserted must comply with the additional requirements of T.R. 15(C)).

First, the Millenders must demonstrate that Crosman received, "*within the period provided by law for commencing the action against him* . . . such notice of the institution

---

4. Crosman acknowledges that the claim in the amended complaint arose out of the "conduct, transaction, or occurrence" set forth in the original complaint. Appellant's brief, p. 10.

of the action that [it] will not be prejudiced in maintaining [its] defense on the merits." T.R. 15(C) (emphasis added). Crosman contends it did not receive notice until after the statute of limitations had elapsed, and that such notice is ineffective.

Here, the last day within the statute of limitations fell on May 27, 1996. However, as the day fell on Memorial Day, the Millenders timely filed the complaint on the next business day, May 28, 1996. Crosman Corporation received a copy of the complaint and summons on June 3, 1996. Clearly, Crosman did not receive notice of the institution of the action *within the period provided by law for commencing the action against it* but rather after the statute of limitations had expired.

■ We acknowledge that absent the mistake in parties, the notice would have been proper and effective. *See Waldron v. Wilson,* 532 N.E.2d 1154, 1156 (Ind.1989). In other words, if the Millenders had properly named Crosman as a defendant and filed the complaint on the last day within the statute of limitations, it would not matter that Crosman received notice after the statute of limitations had expired because pursuant to T.R. 3, a "civil action is commenced by *filing* a complaint with the court . . . ." (emphasis added) However, the issue on appeal is subject to T.R. 15(C), not T.R. 3. As we have stated, T.R. 15(C) requires that the party to be brought in by amendment *receive notice* "*within* the period provided by law for commencing the action . . . ." (emphasis added). Therefore, when a party seeks to amend his complaint and change the party against whom the claim is asserted, the focus must be on the point at which the party to be brought in receives notice, not when the original complaint is filed. *See* T.R. 15(C).

Despite this, the Millenders argue that *Waldron* and *Czarnecki v. Lear Siegler, Inc.,* 471 N.E.2d 299 (Ind.1984), hold otherwise. We disagree. In both cases, the determinative factor was whether notice had been received *prior to the expiration of the statute of limitations.* In *Czarnecki,* the party to be brought in by the amendment to the complaint received its first notice of the institu-

tion of the action five years after the accident occurred and three years after the statute of limitations had expired. Therefore, the *Czarnecki* court held that:

> "None of these defendants had notice of the institution of the action or knew or should have known but for a mistake concerning the identity of the proper party, the action would have been brought against them. Service on them long after the statute of limitations had run did not relate back pursuant to [T.R. 15(C)] by service directed to Hinson Cab Company and served on an entirely different and unrelated party. The trial court therefore properly entered summary judgment against plaintiff Czarnecki."

*Id.* at 301.

In *Waldron,* the plaintiff filed the complaint on the last day within the statute of limitations, and the named defendant received the complaint and summons the day after the statute of limitations had elapsed. *Waldron,* 532 N.E.2d at 1156. The court held that, while "T.R. 15(C)(1) does not require process or that a summons be served before the statute of limitations has expired," the rule does require that the added defendant receive notice *prior to the expiration of the statute of limitations. Id.* The *Waldron* court specifically noted that, although the added defendant had not received a complaint or summons prior to the expiration of the statute of limitations, it had received notice of the impending action from its insurance carrier before the limitations period had expired. *Id.* at 1156. Therefore, the court held that the added defendant had received notice as required by T.R. 15(C). *Id.* at 1156–57.

Here, the Millenders have not presented, and the record does not reveal, any evidence indicating that Crosman had notice of the lawsuit prior to the running of the statute of limitations. As the statute of limitations had expired prior to Crosman receiving notice, we decline to hold that the notice was ade-

quate pursuant to T.R. 15(C). Therefore, under the facts of this case, the trial court erroneously denied Crosman's motion to dismiss.[5] *See* T.R. 15(C).

For the foregoing reasons, we reverse the judgment of the trial court.

Reversed.

RUCKER and MATTINGLY, JJ., concur.

---

[5] As Crosman did not receive adequate notice under T.R. 15(C), we need not address whether Crosman knew or should have known that "but for a mistake concerning the identity of the proper party the action would have been brought against [it] . . . ." *Czarnecki*, 471 N.E.2d at 301.