Rodney CZARNECKI, Appellant
(Plaintiff Below),

v.

LEAR SIEGLER, INC., p/k/a Royal Industries, Inc., d/b/a Hinson Cab Company, Hinson Manufacturing Company, Inc., p/k/a Royal Industries, Inc., d/b/a Hinson Cab Company, Richard Swanson, Dave Swanson, and James Hagenow, Appellees (Defendants below).

No. 1284S479.

Supreme Court of Indiana.

Dec. 7, 1984.

Hugo E. Martz, Valparaiso, for appellant.

Hoeppner, Wagner & Evans by F. Joseph Jaskowiak, Karen L. Hughes, Valparaiso, for appellees.

Michael R. Franceschini, Steers, Sullivan, McNamar & Rogers, Indianapolis, for amicus curiae Broady-Campbell, Inc.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Fourth District Court of Appeals. The facts show that on September 1, 1975, plaintiff Czarnecki was blinded in his left eye when the rear window of the cab on the tractor he was driving shattered. Czarnecki filed suit in August, 1977, against several defendants, including what he intended to be the manufacturer of the cab, referred to in his complaint as "Hinson Cab Company", a nonexistent entity. Nearly three years later, Czarnecki learned that the cab had been manufactured by the Hinson Division of Royal Industries, Inc., a Delaware Corporation that built the cabs in a plant in Iowa. Czarnecki also learned, after he filed his complaint, that Royal Industries had merged into Lear Siegler, Inc., who then sold the Hinson Division's assets to the newly formed Hinson Manufacturing Company, Inc. As a result Czarnecki filed an amended complaint in 1981, naming Lear Siegler, Inc., Royal Industries, Inc., and Hinson Manufacturing Co., Inc., as defendants. These corporate defendants moved to dismiss the complaint under the applicable statute of limitations. The Court, treating the motion as one for summary judgment, granted it. On appeal, the Court of Appeals interpreted Ind.R.Tr.P. 15(C) to provide that the corporate defendants were properly served, and reversed the summary judgment entered by the trial court. We find the Court of Appeals erred in its interpretation of Ind.R.Tr.P. 15(C) and accord-

ingly vacate the opinion of the Court of Appeals, 461 N.E.2d 708, and affirm the trial court.

The record shows that although Czarnecki had access at the time of his complaint to materials from which he could have learned Royal Industries' proper name and address, the initial summons was addressed to the Hinson Cab Company. Czarnecki's attorney could find no address for the Hinson Cab Company and mailed the summons to C.T. Corporation System, the resident agent of International Harvester, which was another defendant totally unrelated to Royal Industries. The Court of Appeals notes that by coincidence C.T. Corporation System was also the resident agent for Royal Industries, Inc., but it is undisputed that Royal Industries never received this summons.

Czarnecki failed to make any service of process on Hinson Mfg. Co., Inc., Lear Siegler, Inc., or Hinson Div., Royal Industries, Inc. until 1980, three years after his complaint was filed and five years after his injury. Czarnecki's complaint was filed August 31, 1977, one day before the statute of limitations ran. No summons and complaint was served with respect to Hinson Cab Company until September 2, 1977. By this time, the statute of limitations had run. Hinson Division, Royal Industries, Inc., the manufacturer of the cab in issue, received no notice of the institution of the action within the period provided by law for commencing the action against it. It is not disputed that the statute of limitations, pursuant to Ind.Code § 34–1–2–2 (1982) was two years. Royal Industries, Inc., never received notice of the institution of the action. Royal Industries merged into Lear Siegler, Inc., in 1979. In that same year, the assets of the former Hinson Division, Royal Industries, Inc., were purchased by Hinson Mfg. Co., Inc. Five years after the accident on September 12, 1980, summons addressed to Hinson Cab Company was served on Hinson Mfg. Co., Inc. This was the first notice of the action that was received by Hinson Mfg. Co., Inc., or its predecessors, Lear Siegler, Inc., and Hinson Div., Royal Industries, Inc.

Ind.R.Tr.P. 15(C) provides in pertinent part as follows:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him...."

The Court of Appeals seemed to base their opinion on the fact that Plaintiff Czarnecki had intended to sue the company that manufactured the cab and its only failing in that regard was the misnomer of the actual manufacturer's name. There was no Hinson Cab Company. The pertinent question, however, is not what the plaintiff intended to do or what relationship existed between the misnomer and the actual target defendant. The key is notice to the party sought to be made a defendant. In *State ex rel Young v. Noble Circuit Court*, (1975) 263 Ind. 353, 332 N.E.2d 99, this Court recognized that the proper primary purpose of a statute of limitations is to insure that parties are given formal and seasonable notice that a claim is being asserted against them. That principle is exactly what Ind.R.Tr.P. 15(C) is designed to uphold. Ind.R.Tr.P. 15(C) is substantially similar to Fed.R. Civ.P. 15(C) adopted by the federal courts previous to our adoption of it. In *Simmons v. Fenton*, (7th Cir.1973) 480 F.2d 133, the 7th Circuit interpreted 15(C) as it applies to the situation in the instant case.

The *Simmons* court stated:

"Even if it might be said that she should have known immediately of the case of mistaken identity when service was made upon her 12-year-old daughter, or, to go further, even if the service might be said to have been upon her, Rule 15(C) is not satisfied, since actual service on whoever was served was not weeks after the tolling of the statute of limitations. Further, since Doris J. Fenton is not now before the court and, in fact, has never yet been served with process, there is clearly prejudice to her if the amendment is allowed. To allow the amendment is to deprive her of the defense of the statute of limitations." *Id.*, 480 F.2d at 136.

In analyzing Rule 15 as applied in the *Simmons* case, Professor Harvey stated:

"The import of this holding is that a motion to correct a misnomer can be granted only when the defendant is a proper defendant and already in court and, thus, when the only effect of the motion is to correct the name under which the defendant is sued. However, if a new defendant is to be substituted or added by amendment, then the substitution or amendment must occur prior to the time set by the statute of limitations. A substitution occurring thereafter cannot be saved by the doctrine of relation back. In sum, rule 15(C) is keyed to notice, whereas the commencement of an action and the tolling of the statute of limitations are keyed to the filing of a complaint." Harvey, *Civil Procedure and Jurisdiction*, 8 Ind.L.Rev. 59 (1974).

It is clear that Ind.R.Tr.P. 15(C) contemplates the newly named defendant will have received notice of the institution of the action such that he will not be prejudiced in maintaining his defense on the merits. It is equally clear the rule contemplates that such a defendant knew or should have known that but for a mistake concerning the identity of the proper party the action would have been brought against him. Rule 15(C) would relate back here if the summons addressed to Hinson Cab Company had actually been served on Royal Industries, Inc., Hinson Division, and Royal would therefore have been given notice that suit was being brought against the manufacturer of the cab, which, of course, was Royal, and that they were the intended target defendant even though misnamed by the summons served. An amended complaint served after the running of the statute of limitations which properly named Royal Industries, Inc., Hinson Division, as a defendant, would have related back under 15(C) because clearly they would have had notice of the institution of the action and would have known that but for a mistake of misnomer they were the intended target defendant.

Ind.R.Tr.P. 21(A) does not change this principle. Rule 21(A) provides in part: "Incorrect names and misnomers may be corrected by amendment under rule 15 at any time." Rule 21 speaks generally of misjoinder and nonjoinder of parties, venue, and jurisdiction over the subject matter. It does not give a separate right to a plaintiff to bring a defendant into a cause after the statute of limitations has run. As indicated in the text, the correction of names and misnomers is to be done under and pursuant to Rule 15.

The Court of Appeals' reliance on Ind.R. Tr.P. 25(C) to support plaintiff's position is also misplaced. Ind.R.Tr. 25(C) provides in part as follows:

"In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

Thus, Lear Siegler, Inc., and Hinson Mfg. Co., Inc., would have been properly served and their service would have related back to the original service had the original party, Royal Industries, Inc., been properly served in the first instance. Rule 25(C) contemplates a proper service on the original defendant before bringing in a successor in interest since the successor stands in the same stead as the original party.

None of these defendants had notice of the institution of the action or knew or should have known but for a mistake concerning the identity of the proper party, the action would have been brought against them. Service on them long after the statute of limitations had run did not. relate back pursuant to Ind.R.Tr.P. 15(C) by service directed to Hinson Cab Company and served on an entirely different and unrelated party. The trial court therefore properly entered summary judgment against plaintiff Czarnecki.

The opinion of the Court of Appeals is vacated and the trial court is in all things affirmed.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., dissents without opinion.