**Teresa SMITH, James Smith and Melanie Smith, Appellants (Plaintiffs Below),**

v.

**Neil McFERRON, Appellee (Defendant Below).**

**No. 41A04–8810–CV–331.**

Court of Appeals of Indiana, Fourth District.

July 20, 1989.

Stephen P. Eckert, Gray Robinson Eckert & Ryan, Indianapolis, for appellants.

Stephen J. Peters, William N. Ivers, Stewart & Irwin, Indianapolis, for appellee.

## STATEMENT OF THE CASE

CHEZEM, Judge.

The appellants, the Smiths, appeal the denial of their motion for leave to file an amended complaint, which held that the amended complaint did not relate back to the original filing.

We reverse.

## ISSUE

Whether the trial court erred when it found that the Smith's amended complaint did not relate back to the original filing pursuant to Indiana Rules of Procedure, Trial Rule 15(C) when the intended defendant had actual notice of the filing of the lawsuit within the two year Statute of Limitations.

## FACTS

On August 15, 1985, James McFerron, while driving his Pontiac Sunbird, rear-ended Teresa Smith's automobile, a Chrysler Le Baron, on I–465 in Indianapolis, Indiana. An officer of the Marion County Sheriff's Department filled out an accident report which listed James McFerron as the driver of the Sunbird.

During the relevant time, James was twenty-four (24) years old and lived at home with his parents, Fredonna and Neal McFerron, in Quincy, Indiana. The Sunbird was insured under a policy owned by Neal McFerron.

The Smiths filed suit in Marion County Superior Court on July 24, 1987, against the "driver" of the automobile, "Neil" McFerron. The next day, the complaint and summons were served by certified mail to the McFerrons' home. Fredonna signed for the complaint and summons as "Neal" McFerron.

The complaint identified the defendant: "... complaint against the defendant, NEIL MCFERRON...." The complaint went on to describe the incident:

The defendant was driving a red Pontiac

.    .    .    .    .

the defendant was ... negligent in the operation of the vehicle defendant was driving.

.    .    .    .    .

... [as] a proximate result of the negligence of the defendant, the plaintiffs were physically injured ...

James was aware his father received the complaint the day Neal received it. When James was asked whether he read the complaint that day, he responded, "I really don't recall, but after I found out that my name was on it, then I possibly had read them. More than likely I did, but I don't really recall." When questioned further regarding whether he read the complaint and summons within the first week after his father received them, James said, "I mean I really don't—I figure I did." James then stated that if his father had to pay any money for the accident, "I figured it was my obligation, since I was driving the car, that if he did get sued, that I was going to have to find some way to pay him, you know." James was then asked, "And you didn't think it was right that [your dad] had been sued?" He answered, "That's right." And, finally, when asked, "If anyone should have been sued it should have been you?", James said, "Yes, because I was the driver of the car."

All three McFerrons realized upon reading and discussing the complaint that it referred to the August 15, 1985, accident in which James was driving his red Sunbird.

On July 28, 1987, Neal McFerron hired Stephen Peters of Stewart, Irwin, Gilliom, Meyer & Guthrie to represent him. On September 29, 1987, Neal filed answers to the Smiths' complaint and interrogatories and filed a motion for summary judgment alleging that a nonparty, James McFerron, was responsible for the collision. On October 13, 1987, the Smiths filed a motion for Leave to File an amended complaint to add or change the name of the defendant from "Neil" to "James," requesting that the amended complaint relate back to the date of the original complaint pursuant to T.R. 15(C).

On May 19, 1988, the trial court denied the Smith's motion for leave, but granted Neal's motion for summary judgment. The Smiths' now appeal only the denial of their motion for leave to file an amended complaint.

## DISCUSSION

The trial Court may use its discretion when deciding whether to allow a party to amend a pleading. The trial court's decision will be overturned "only upon a manifest showing of abuse of discretion." *Brenneman Mechanical & Electrical, Inc. v. First National Bank of Logansport* (1986) Ind.App., 495 N.E.2d 233, 244. Here, the trial court abused its discretion when it did not allow the Smiths to amend their complaint.

It is true, as the appellee's brief suggests, that one party does not bear the burden of correcting the other's mistakes. "The burden is on the complainant to bring suit against the proper party." *Gibson v. Miami Valley Milk Producers, Inc.* (1973), 157 Ind.App. 218, 299 N.E.2d 631, 638. Hence, Neal did not have a duty to tell the Smiths that he was not the driver, as the complaint mistakenly stated. However, when an obvious mistake such as this occurs, we should allow the errant party to correct the mistake as prescribed by T.R. 15(C). We believe that the Smiths' mistake

is one of the kind to which the relation back rule was meant to apply.

The complaint clearly stated that the defendant was driving the red Sunbird. The driver of that Sunbird was not Neil, or even Neal, as the complaint erroneously stated, but was James. Neal and James both were aware that James was the driver of the Sunbird that was the subject of this complaint. The Smiths mistakenly named the intended defendant's father as the defendant.

Upon examining T.R. 15(C), we note several requirements necessary to relate an amended complaint back to the original. T.R. 15(C) states that a claim in the amended pleading must arise out of the "conduct, transaction, or occurrence set forth, or attempted to be set forth in the original." The Smiths' amended complaint clearly arose out of the same occurrence as the original occurrence—it *was* the same occurrence.

The next requirement of T.R. 15(C), when changing a "party against whom a claim is asserted" (as the Smiths are attempting to do) is that within the "period provided by law for commencing the action," the party to be added must have received notice of the action. "The key is notice to the party sought to be made a defendant." *Czarnecki v. Lear Siegler, Inc.* (1984), Ind., 471 N.E.2d 299, 300. James had notice of the action at least within a week of the day his father was served. This is, of course, well within the two year Statute of Limitations. Next, T.R. 15(C) requires that the new party receive such notice "that he will not be prejudiced in maintaining his defense on the merits...." James, having received notice within a week of when his father received notice, has not been prejudiced in his defense on the merits. James makes the specious argument that if this amendment was allowed he would not be able to use the Statute of Limitations defense and would thereby be prejudiced. Loss of the Statute of Limitations defense would not be a loss of a defense "on the merits" that T.R. 15(C) discusses. "[T]he policy of [T.R. 15(C)] is to facilitate decisions on the mer-

its." *Benke v. Barbour* (1983), Ind.App., 450 N.E.2d 556, 558. Also, since James received timely notice, he had no Statute of Limitation defense. The prejudice T.R. 15(C) refers to is prejudice which would occur if the action were allowed *assuming* the notice was timely. Possible examples are the death of a key witness or destruction of key exhibits, which would hamper a defense on the merits. We find that James has not been prejudiced in this manner.

The Supreme Court has recently acknowledged that when relating back to a new defendant T.R. 15(C) "does not require process or that a summons be served before the statute of limitations has expired." Rather, the new defendant must have "such notice of the institution of the action that [he] will not be prejudiced in maintaining his defense on the merits." *Waldron v. Wilson* (1989), Ind., 532 N.E.2d 1154, 1156.

The final requirement is that the new defendant "knew or should have known that but for a mistake concerning the identity of the proper party," he would have been named as a defendant on the original complaint. After reviewing James' deposition, it becomes evident that James thought whoever sued his father should have sued him. James either did, or at the very least, should have realized that but for a mistake he should have been the defendant on the original complaint. There is also no indication that the incorrect first name of the proper defendant in this action was anything other than a mistake.

*Taylor v. Jensen* (1985), Ind.App., 475 N.E.2d 315, a case similar in facts to the case at hand, did not allow relation back on an amended complaint. *Taylor* involved a plaintiff who was injured in an automobile accident and who sought to add two new defendants to her complaint after the statute of limitations ran. However, *Taylor* is distinguishable. The complaint in *Taylor* correctly stated that Jensen merely owned the car involved in the accident and that Jensen's daughter was driving it when the accident occurred. There was no mistake in the original complaint. Here, it is clear there was a mistake: the original complaint

listed "Neil" as the defendant *and* driver of the car when in fact James was the driver. Therefore, the holding in *Taylor* does not apply to our case.

We note that we allow relation back here not because Neal and James are relatives. Rather, we hold this amended complaint relates back to the original because the facts fulfill all of the requirement of T.R. 15(C).

Even though it is within the trial court's discretion to deny a motion to amend, the trial court cannot arbitrarily do so. At least one of the requirements of T.R. 15(C) must be absent for the trial court to deny the Smiths' motion. Admittedly, the requirements of T.R. 15(C) are stringent; nevertheless, we hold that the Smiths' scenario meets all of those requirements. Thus, the trial court abused its discretion by not granting the Smiths' motion for leave to amend the complaint to change the defendant from "Neil" to "James." The trial court had every reason to apply T.R. 15(C) and allow relation back, and therefore improperly denied the Smiths' motion to amend.

We reverse and remand for further proceedings consistent with this opinion.

CONOVER, P.J., and SULLIVAN, J., concurring.