**Lizzie LOGAN, Appellant**
**(Plaintiff Below),**

v.

**Brenda SCHAFER, Appellee**
**(Defendant Below).**

No. 02A03–9006–CV–228.

Court of Appeals of Indiana,
Third District.

March 13, 1991.

Roland W. Gariepy, Fort Wayne, for appellant.

Thomas M. Kimbrough, Kevin K. Fitzharris, Barrett & McNagny, Fort Wayne, for appellee.

STATON, Judge.

Lizzie Logan appeals the entry of summary judgment dismissing her lawsuit against Brenda Schafer, presenting us with two issues which we consolidate as follows:

Whether the amendment of her complaint to add a party defendant relates back to the filing of the original complaint pursuant to Indiana Rules of Procedure, Trial Rule 15(C).

We affirm.

On November 27, 1987, Lizzie Logan was the passenger in a car which was involved in a two-car collision on the corner of Main and Lafayette Streets in Fort Wayne, Indiana. The driver of the other automobile was Brenda Schafer. After the accident, Logan retained Roland Gariepy to represent her. On February 3, 1988, Gariepy sent a letter to State Farm Insurance, Schafer's insurance carrier, informing State Farm that he was Logan's attorney. On December 9, 1988, a claim representative from State Farm wrote back to Gariepy requesting further documentation of Logan's injuries.

On November 20, 1989, Logan filed suit, naming Yvonne Moore, the driver of the car in which Logan was riding at the time of the accident, as the sole defendant.

On December 4, 1989, Logan moved for leave to amend her complaint, alleging that Schafer was inadvertently omitted as a defendant in the original complaint. The trial court initially granted Logan's motion. On December 11, 1989, Schafer moved for summary judgment on the grounds that Logan's claim against her was barred by the applicable statute of limitations.[1] On January 5, 1990, Yvonne Moore moved for judgment on the pleadings, claiming that Logan's allegation that Moore was negligent in "striking the rear of Plaintiff's vehicle" was a factual impossibility, since Moore was driving the car in which Logan was a passenger.

On January 9, 1990, the trial court granted Moore's motion for judgment on the pleadings, dismissing Moore from the lawsuit. On February 7, 1990, the trial judge granted Schafer's motion for summary judgment and denied Logan's motion to amend her complaint. She appeals.

On an appeal from a summary judgment, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Boone County Area Plan Com'n v. Kennedy* (1990), Ind.App., 560 N.E.2d 692, 694, *transfer pending*. Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party. *Bischoff Realty, Inc. v. Ledford* (1990), Ind.App., 562 N.E.2d 1321, 1323.

The decision whether to permit amendments to pleadings lies within the discretion of the trial court. *Smith v. McFerron* (1989), Ind.App., 540 N.E.2d 1273, 1274. We will reverse the trial court's decision only upon a manifest showing of abuse of discretion. *Id.*

Logan argues that the trial judge abused its discretion in denying her leave to amend her complaint. In addition, she contends that the court erred in granting Schafer's motion for summary judgment, because her amendment related back to the time of filing of the original complaint pursuant to Indiana Rules of Procedure, Trial Rule 15(C).

Trial Rule 15(C) provides in relevant part:

**(C) Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

---

1. The statute of limitations for a cause of action for personal injuries is two years. IC 34–1–2–2.

■ Logan argues that Schafer received constructive notice of the tort through her insurance company before the suit was instituted, and that she cannot show prejudice from the amendment. Schafer counters that constructive notice of the incident giving rise to the lawsuit is not sufficient to allow an amendment substituting parties to relate back to the time of the original amendment. We agree with Schafer.

■ The key to relation back under Trial Rule 15(C) is notice. *Czarnecki v. Lear Siegler, Inc.* (1984), Ind., 471 N.E.2d 299, 300. The clear language of Trial Rule 15(C) requires that the party to be brought into the action by the amendment receive notice of the *institution of the action* within the limitation period. At most, the letter to State Farm put Schafer on constructive notice of the fact that Logan had retained an attorney and was considering a claim against her.[2] It did not provide notice of the commencement of the suit. Therefore, Logan's proposed amendment could not relate back under Trial Rule 15(C). Since Logan's claim against Schafer is barred by the two-year statute of limitations, the trial court did not abuse its discretion in denying her motion to amend the complaint to add Schafer as a party defendant.

We note that this is not a case where the proper party has been served with a copy of the original complaint in which she was misnamed. *See Waldron v. Wilson* (1989), Ind., 532 N.E.2d 1154; *Zambrana v. Anderson* (1990), Ind.App., 549 N.E.2d 1078; *Creighton, supra.* Nor is it a case where there was some type of identity between the party named and the party omitted. *See Smith, supra; Honda Motor Company, Ltd. v. Parks* (1985), Ind.App., 485 N.E.2d 644, *rehearing denied; Ederbach v. McNabney* (1980), Ind.App., 413 N.E.2d 958, *rehearing denied* 421 N.E.2d 651, *transfer denied; Chrysler Corpora-*

tion *v. Alumbaugh* (1976), 168 Ind.App. 363, 342 N.E.2d 908, *opinion modified on other grounds and rehearing denied* 168 Ind.App. 363, 348 N.E.2d 654, *transfer denied.* In those cases, the prospective defendant received notice of the commencement of the lawsuit and knew or should have known that, but for a misnomer, the action would have been brought against him. Here, Schafer did not receive notice of the lawsuit before being served with the amended complaint and Moore and Schafer were clearly distinct and independent parties.

Indiana courts have used federal court decisions construing Federal Rule of Civil Procedure 15(c) to aid in the interpretation of the Indiana rule. *See, e.g., Czarnecki, supra,* at 300–301. To this end, we find support for our decision in the case of *Slack v. Treadway Inn of Lake Harmony, Inc.* (M.D.Penn.1974), 388 F.Supp. 15. In *Slack,* the omitted defendant's insurer had notice of the injury sustained by the plaintiff from a fall at the omitted defendant's recreational lodge. The insurer informed the plaintiff that it insured the lodge, and took a statement from her regarding the circumstances surrounding her fall. The lodge was not aware that the injury was the subject matter of a lawsuit until it received the amended complaint filed after the statute of limitations had run. The court refused to find that the plaintiff's amended complaint related back to the time of filing of the original complaint, stating that the lodge had neither received notice of the institution of the suit within the statutory time frame, nor did it have actual or constructive knowledge that, but for the misnomer, it would have been named.

We find no distinguishing factors between this case and *Slack.* The burden is on the complainant to bring suit against the proper party within the statute of limitations. *Ryser v. Gatchel* (1972), 151 Ind.

---

**2.** Apparently, the notice requirement of T.R. 15(C)(1) is satisfied, at least in some circumstances, by constructive notice. *See Creighton v. Caylor–Nickel Hosp., Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1307, *transfer denied.* We need not decide whether notice of the institution of a lawsuit given to a party's insurance company constitutes adequate constructive notice to allow relation back under T.R. 15(C). However, we note that an insurance company is not the agent of the insured for service of process in the absence of a showing that the insurer was designated as such. *Poteet v. Bethke* (1987), Ind.App., 507 N.E.2d 652.

App. 62, 278 N.E.2d 320, 324. Logan has not met that burden.[3]

Affirmed.

HOFFMAN and SHIELDS, P.JJ., concur.

---

**3.** Because we find that Logan has not met the threshold requirement of demonstrating that Schafer received adequate notice, we do not address Logan's contention that Schafer would not be prejudiced if she were allowed to amend her complaint.