George **SOLEY** and Donald Roberts, Appellants–Plaintiffs,

v.

John D. **VanKEPPEL** and Lorraine Moffett, d/b/a Horsehead Saloon, Appellees–Defendants.

No. 37A03–9411–CV–402.

Court of Appeals of Indiana.

Oct. 18, 1995.

Patricia S. Beecher, Gary, for appellant.

Richard O. Kallenbach, Joseph Pearman, DeMotte, for appellee.

## OPINION

STATON, Judge.

George Soley and Donald Roberts appeal from the trial court's denial of their petition to amend their complaint and the trial court's grant of summary judgment in favor of Lorraine Moffett d/b/a Horsehead Saloon. Soley and Roberts present two issues for our review which we restate as follows:

I. Whether the trial court abused its discretion in denying their motion to amend their complaint.

II. Whether the trial court erred in granting Moffett's motion for summary judgment.

We reverse and remand.

The facts most favorable to the non-movant reveal that on May 14, 1991, George Soley and Donald Roberts were driver and passenger respectively in an automobile which was involved in an accident with an automobile operated by John D. VanKeppel. On May 10, 1993, Soley and Roberts (collectively "Soley") filed suit against Lorraine Moffett d/b/a Horsehead Saloon (hereinafter "Lorraine") alleging that Lorraine violated Indiana's Dram Shop Act by furnishing Van-

Keppel alcoholic beverages with knowledge of his intoxication and subsequently allowing VanKeppel to leave the premises and drive a motor vehicle in an intoxicated state.[1]

On October 26, 1993, Lorraine filed a motion for summary judgment claiming that she did not own, operate, or manage the Horsehead Saloon and that she was on vacation in Las Vegas, Nevada on May 14, 1991. On January 25, 1994, Soley filed a petition to amend complaint pursuant to Ind.Trial Rule 15(C) to name Lorraine's husband and the owner of the Horsehead Saloon, Glen H. Moffett (hereinafter "Glen"), as defendant. Following a hearing on June 15, 1994, the trial court denied Soley's petition and granted Lorraine's motion for summary judgment. Soley now appeals.

## I.

### *Petition to Amend Complaint*

Soley contends that the trial court abused its discretion when it denied his petition to amend complaint to name Glen as a defendant. The decision whether to permit amendments to pleadings lies within the discretion of the trial court. *Logan v. Schafer* (1991), Ind.App., 567 N.E.2d 855, 856. We will reverse the trial court's decision only upon a manifest showing of abuse of discretion. *Id.*

Soley's petition to amend his complaint to name Glen as a defendant comes beyond the two year statute of limitations period[2] and thus, this amended complaint must fulfill the requirements of T.R. 15(C). T.R. 15(C) provides in pertinent part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for com-

---

1. Soley also filed a personal injury claim against VanKeppel. This claim is not before us.

2. The statute of limitations for a cause of action for personal injuries is two years. IND.CODE 34–1–2–2 (1993).

mencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ The key to relation back under T.R. 15(C) is notice. *Logan, supra,* at 857. The rule does not require that a summons be served before the statute of limitation has expired but only that the new defendant have such notice of the institution of the action so that he will not be prejudiced in maintaining his defense on the merits. *Waldron v. Wilson* (1989), Ind., 532 N.E.2d 1154, 1156. The rule contemplates that such a defendant knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him. *Id.* (citing *Czarnecki v. Lear Siegler, Inc.* (1984), Ind., 471 N.E.2d 299, 301).

Soley contends that Glen would not be prejudiced by being named a defendant since Glen had notice of the accident within hours of its occurrence, had full knowledge of the action against his wife, and actually received Lorraine's complaint and summons as he was present at the Horsehead Saloon when the complaint was served.

■ Lorraine counters that Glen would suffer prejudice by allowing the amendment after the expiration of the statute of limitations as Glen would be deprived of the statute of limitations as a defense. We disagree. Loss of the statute of limitations defense is not the loss of a defense on the merits as contemplated by T.R. 15(C); the prejudice in T.R. 15(C) refers to prejudice which would occur if the action were allowed assuming notice was timely. *Smith v. McFerron* (1989) Ind.App., 540 N.E.2d 1273, 1275.

■ Lorraine further states that although Glen knew of the motor vehicle accident, such cannot be considered sufficient notice under T.R. 15(C). However, the record indicates that Glen had more than mere knowledge of the motor vehicle accident. The record reflects that Soley's complaint was served at the Horsehead Saloon. Glen testified that he received notice of the complaint when it was served at the bar and indicated that he opened the letter. Glen further stated that after he read the complaint, he immediately contacted his lawyer and paid a retainer for the attorney's services. Lorraine stated her husband knew that the lawsuit had been filed and that she learned of the lawsuit from her husband who received notice of the complaint at the bar. The requirements of T.R. 15(C) are fulfilled here as Soley's amended complaint arose out of the same conduct set forth in the original complaint and the record indicates that Glen had notice of the lawsuit once the original complaint was served. The facts indicate that Glen knew or should have known that as owner of the Horsehead Saloon, he was the target of Soley's dram shop action and would have been named as a defendant in the original action but for the mistake.[3]

Addressing T.R. 15(C) and its federal counterpart, Federal Rules of Civil Procedure 15(c), this court has noted the importance of facilitating decisions on the merits and avoiding pleading traps:

---

**3.** Lorraine contends that this case is analogous to *Logan, supra.* In *Logan,* the plaintiff Logan, was a passenger in a vehicle operated by Moore which was involved in an accident with a vehicle operated by Schafer. *Id.* at 856. Logan brought suit against Moore only. Notice of her complaint was sent to Schafer's insurance carrier. After the statute of limitations expired, Logan amended her complaint to include Schafer. *Id.* We affirmed the trial court's denial of Logan's motion to amend. Pursuant to T.R. 15(C), this court determined that Logan's amended complaint could not be related back to her original complaint because Schafer had no notice of her action against Moore, and that the letter to Schafer's insurance carrier was insufficient to put Schafer on constructive notice of the lawsuit. *Id.* at 857. We noted that Schafer and Logan were distinct and independent parties and Schafer did not receive notice of the lawsuit before being served with the amended complaint. *Id.* Unlike the parties in *Logan,* Glen was not independent of Lorraine with no firsthand knowledge of Soley's lawsuit, and unlike Schafer, Glen had personal notice of the lawsuit as soon as it was served and was actively involved in Lorraine's defense.

This purpose is not furthered by giving Rule 15 lip service rather than full fealty. Nor is the purpose of the federal rules furthered by denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced. The ends of justice are not served when forfeiture of just claims because of technical rules is allowed. Thus the reasons [sic] amendments are to be granted freely as justice requires, and the trial court's decision to allow amendment will not be upset unless a clear abuse of discretion exists.

*Chrysler Corporation v. Alumbaugh* (1976), 168 Ind.App. 363, 342 N.E.2d 908, 913, *modified by* 168 Ind.App. 363, 348 N.E.2d 654, *trans. denied* (citation omitted).

Because the amended complaint fulfills the requirements of T.R. 15(C), we conclude that the trial court abused its discretion when it denied Soley's petition to amend.

## II.

### *Summary Judgment*

■ Soley also contends the trial court erred in granting Lorraine's motion for summary judgment. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C). A trial court, upon motion for summary judgment, may consider the designated pleadings, exhibits, depositions, affidavits, and testimony, but may not resolve questions of conflicting facts or questions of credibility. *Landau v. Bailey* (1994), Ind.App., 629 N.E.2d 264, 267, *reh. denied.*

■ When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny* (1994), Ind.App., 627 N.E.2d 1362, 1363, *reh. denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

Soley contends that the trial court erred in granting Lorraine's motion for summary judgment because a genuine issue of material fact exists regarding whether Glen and Lorraine operated the Horsehead Saloon as a partnership.

The Uniform Partnership Act, as set forth in I.C. § 23-4-1-1 *et seq.*, defines a partnership as "an association of two (2) or more persons to carry on as co-owners a business for profit." I.C. § 23-4-1-6(1). Guidelines for determining whether a partnership exists include:

\* \* \* \* \* \*

(2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.
(3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.
(4) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business ...

I.C. § 23-4-1-7.

■ A contract, whether express or implied, is essential to the formation of a partnership. *Hansford v. Maplewood Station Bus. Park* (1993), Ind.App., 621 N.E.2d 347, 350, *reh. denied.* Where a person is to share in the profits of a business, it is evidence that he is a partner in the business

regardless of whether he actually receives any profits. *Id.* Lack of daily involvement by one partner is not per se indicative of an absence of a partnership. *Johnson v. Wiley* (1993), Ind.App., 613 N.E.2d 446, 451.

With respect to a husband and wife, cotenancy of property and the sharing of losses and profits of a business, standing alone, are insufficient to establish a partnership, since those circumstances are consistent with the usual marital arrangement. *Bradford v. Bentonville Farm Supply Inc.* (1987), Ind.App., 510 N.E.2d 745, 747. Thus, additional facts are necessary to establish a partnership.

In *Johnson, supra,* this court affirmed the trial court's ruling that a wife was a partner in her husband's realty company because she: (1) performed services for the business; (2) was not compensated in the form of wages; (3) was co-owner and co-mortgagor of the building and land housing the business and received the benefit of the principle reduction of the mortgage as payments were made; (4) shared in the net profits or net loss of the business; and (5) shared equally in any tax refund or tax liability. *Johnson, supra,* at 451. Based upon these facts, this court determined that the husband and wife acted like partners, worked like partners, and shared in profits and losses as partners. *Id.*

In support of her motion for summary judgment, Lorraine stated in an affidavit that she was not an owner of the Horsehead Saloon, had no involvement in the management of the Horsehead Saloon, and was not even at the bar on the date of the accident. Yet, at the hearing, Lorraine testified that she was a co-owner and co-mortgagor of the property where the tavern is located and that she and Glen filed joint tax returns. She further indicated that she helped out at the bar, answered the phone, signed purchase orders, and held herself out as owner of the bar to salesmen or persons seeking donations. She testified that she did not keep the payroll but occasionally made bank deposits, and had the authority to make bank withdrawals as her name was on the account. She also stated that when the tavern was sold, the check was made out to her and her husband.

In his affidavit, Glen stated that he was the sole proprietor of the bar and that Lorraine neither had an ownership interest nor a management or supervisory role in the business. At the hearing, Glen testified that Lorraine was not his partner and that the only time she was present at the tavern was when he was there managing. Moreover, the record reflects that the liquor license, operating permit, food service license, and retail merchant certificate were all in Glen's name only and that tax returns list Glen as the sole proprietor.

In response to Lorraine's motion for summary judgment, counsel for Soley filed a single affidavit wherein she stated that she had attempted several times to ascertain the actual owner of the Horsehead Saloon to no avail. She also stated that she telephoned the Horsehead Saloon under an assumed name indicating that she was a member of a charity organization seeking donations from the tavern owner, and that the person she spoke to identified herself as Lorraine Moffett, the sole owner of the tavern.

Summary judgment shall not be granted as of course because an opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the evidentiary matters designated to the court. *In re Estate of Von Wendesse* (1993), Ind.App., 618 N.E.2d 1332, 1335, *trans. denied.* Moreover, the question of the existence of a partnership is generally one of fact. *J.M. Schultz Seed Co. v. Robertson* (1983), Ind.App., 451 N.E.2d 62, 64. Based upon this standard and construing the evidence presented to the trial court in the light most favorable to Soley, we conclude that a genuine issue of fact exists regarding whether Lorraine and Glen were partners in the Horsehead Saloon. Therefore, we determine that the trial court erred in granting Lorraine's motion for summary judgment.

We reverse the trial court's grant of summary judgment in favor of Lorraine and the trial court's denial of Soley's motion to

amend and remand to the trial court for proceedings consistent with this opinion.

GARRARD and KIRSCH, JJ., concur.