Linda FIFER, Appellant–Plaintiff,

v.

Stephanie SORETORE–DODDS, Appellee–Defendant.

No. 49A05–9605–CV–202.

Court of Appeals of Indiana.

June 16, 1997.

Rehearing Denied Aug. 6, 1997.

George Hoffman, III, Franklin, for Appellant–Plaintiff.

Linda Y. Hammel, Yarling, Robinson, Hammel & Lamb Indianapolis, for Appellee–Defendant.

## OPINION

RUCKER, Judge.

Suffering injuries from an automobile accident Linda Fifer filed suit three days before the statute of limitations was due to expire. Discovering she had named the wrong party, Fifer amended her complaint naming Stephanie Sortore–Dodds as the proper party defendant. The amended complaint was filed after the statute of limitations had run. In response Sortore–Dodds filed a motion for summary judgment arguing that relation back of the amendment pursuant to Ind.Trial Rule 15(C) did not rescue Fifer's cause of action. The trial court agreed and granted the motion. Fifer now appeals contending the trial court erred in so doing. We agree with the trial court and therefore affirm.

On May 27, 1992 Fifer was rear-ended in an automobile collision. Although the car that crashed into her was driven by and registered to Sortore–Dodds, it was insured by Cecilia Sortore, Sortore–Dodds' mother. Three days before the two year statute of limitations [1] was due to expire Fifer filed a complaint for personal injuries naming Cecilia Sortore as the party defendant. Cecilia answered the complaint by way of general denial. The evidence of record shows that Cecilia was served with the summons and complaint on June 1, 1994, five days after the statute had expired. Within hours Cecilia contacted Sortore–Dodds and told her of the lawsuit. After conducting discovery Fifer learned that Sortore–Dodds and not Cecilia was the driver of the car that crashed into her. As a result Fifer sought leave of court to amend her complaint in order to name Sortore–Dodds as the proper party defendant. Leave was granted. Thereafter Sortore–Dodds filed a motion for summary judgment. After a hearing the trial court granted the motion. Fifer now appeals.

This case involves the application of Ind.Trial Rule 15(C), which provides in relevant part as follows:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

---

1. Ind.Code § 34–1–2–2

original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

> (1) Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> (2) Knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Fifer argues that the key to relation back of the amendment under T.R. 15(C) is notice to the party sought to be made a defendant. *See Czarnecki v. Lear Siegler, Inc.*, 471 N.E.2d 299, 300 (Ind.1984). Pointing out that Sortore–Dodds received notice of the lawsuit at nearly the same time Cecilia received notice, Fifer complains "[i]t is illogical to reason that a complaint, timely filed within the limitations period yet received with a summons shortly after the limitations period, is viable as to the person originally named; yet that same timely-filed complaint is invalid as to a person who was later named, but who had the same notice and knowledge of the other person." *Reply Brief of Appellant* at 2–3. Fifer also contends that her complaint which was filed within the limitations period merely named Cecilia as a party defendant by mistake.

■ Generally, where the trial court allows a party to amend its pleading, the amended complaint will relate back to the date of the original complaint, provided the claim in the amended complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint. *Wathen v. Greencastle Skate Place, Inc.*, 606 N.E.2d 887, 890 (Ind. Ct.App.1993). For example, a party may move to amend a claim to correctly name a misnamed party which is already in the suit. And the amended claim will relate back to the original action. *Id.* However, the substitution due to a misnomer applies to the same party, not to a different party. *Id.*

citing *Berns Constr. Co., Inc. v. Miller*, 491 N.E.2d 565 (Ind.Ct.App.1986), *summarily aff'd*, 516 N.E.2d 1053 (Ind.1987). In this case the amended complaint clearly sought to add a different party. Although Fifer may have mistakenly named Cecilia, the substitution contemplated by T.R. 15(C) does not apply to Sortore–Dodds. Where, as here, the amendment seeks to change the party against whom the claim is asserted, it must comply with additional requirements in order to relate back, namely: (1) within the limitations period, the party to be brought into the action by the amendment must have received notice, and (2) also within the limitations period the party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by the amendment. *Wathen*, 606 N.E.2d at 890; T.R. 15(C).

■ In this case Fifer focuses on the notice and knowledge component of the rule. For example she argues that Sortore–Dodds will not be prejudiced in maintaining her defense on the merits, and that Sortore–Dodds knew that but for a mistake concerning the identity of Cecilia, the action would have been brought against Sortore–Dodds. Even assuming Fifer's contentions are correct, her argument nonetheless fails. T.R. 15(C) contemplates that both the notice of the action and the knowledge of a mistake must have occurred "within the period provided by law for commencing the action." In this case it is undisputed that Sortore–Dodds received notice of Fifer's action five days after the applicable statute of limitations had expired.

Citing *Soley v. VanKeppel*, 656 N.E.2d 508 (Ind.Ct.App.1995), Fifer counters that notice prior to the expiration of the statute of limitations is not required. In *Soley* plaintiffs George Soley and Donald Roberts (referred to collectively as Soley) were injured in an automobile collision involving John VanKeppel. Soley filed suit against Lorraine Moffett d/b/a Horsehead Saloon alleging that Lorraine violated Indiana's Dram Shop Act by furnishing VanKeppel with alcoholic beverages. Suit was filed four days before the statute of limitations was due to

expire. Lorraine filed a motion for summary judgment contending that she neither owned nor operated the Horsehead Saloon and that she was out of town on vacation the day of the collision. Thereafter Soley filed a petition to amend the complaint pursuant to T.R. 15(C) in order to name Glen Moffett, Lorraine's husband, as the proper party defendant. The trial court denied the petition to amend and granted Lorraine's motion for summary judgment. On appeal we reversed the trial court. In so doing we noted that the amended complaint arose out of the same conduct set forth in the original complaint, and further Glen had notice of the lawsuit at the time the original complaint was served. In particular, the record indicated Glen was present at the Horsehead Saloon when the complaint was served, opened the letter containing the complaint, and immediately contacted his attorney to arrange for legal services. We concluded that based on the foregoing facts the requirements of T.R. 15(C) were satisfied and Soley's amended complaint related back to the time of the original complaint.

Fifer correctly points out that the *Soley* opinion does not reveal whether Glen received actual notice of the summons and complaint before or after the statute of limitations had expired. She therefore concludes *Soley* stands for the proposition that T.R. 15(C) does not require such notice. We disagree with Fifer's conclusion. Citing *Logan v. Schafer*, 567 N.E.2d 855 (Ind.Ct.App.1991) we noted "[t]he key to relation back under T.R. 15(C) is notice." *Soley*, 656 N.E.2d at 511. In *Logan* we stated unequivocally that "[t]he clear language of Trial Rule 15(C) requires that the party to be brought into the action by the amendment receive notice of the institution of the action *within the limitation period.*" *Id.* at 857 (emphasis added); *see also Shafer by Shafer v. Lieurance*, 659 N.E.2d 229, 232 (Ind.Ct.App.1995) ("The first criterion under T.R. 15(C) is that the added party had notice of the institution of the action prior to the expiration of the statute of limitations"). In the case before us although Sortore–Dodds received notice of the complaint and summons at nearly the same time as Cecilia, notice was still received five days after the time had expired for commencing

an action for personal injury. Because Fifer's claim against Sortore–Dodds is barred by the statute of limitations, the trial court did not err in granting Sortore–Dodds's motion for summary judgment.

Judgment affirmed.

CHEZEM and ROBERTSON, JJ., concur.