Herschel GULLEY, Appellant–Plaintiff,

v.

Frederick C. WINTER, Appellee–Defendant.

No. 55A01–9703–CV–76.

Court of Appeals of Indiana.

Oct. 24, 1997.

James R. Fisher, Judy S. Okenfuss, Ice Miller Donadio & Ryan, Indianapolis, for Appellant–Plaintiff.

Dennis N. Owens, Smith, Maley & Douglas, Indianapolis, for Appellee–Defendant.

## OPINION

BAKER, Judge.

Appellant-plaintiff Herschel Gulley appeals the trial court's grant of summary judgment in favor of appellee-defendant Frederick C. Winter. Gulley presents several issues for our review, which we consolidate and restate as follows: (1) whether the trial court properly concluded that the Journey's Account Statute [1] did not require it to give effect to a federal court order allowing an amendment to a complaint when the federal action was subsequently dismissed for lack of subject matter jurisdiction; and (2) whether the trial court properly determined that the amendment to his complaint did not relate back,

pursuant to Ind.Trial Rule 15(C), to the date the original complaint was filed.

### FACTS

On December 29, 1991, Frederick Winter was driving his father's car south on State Road 431 when the car collided with another vehicle driven by Gregory Kiensley. Kiensley's vehicle then struck Gulley's car, causing Gulley serious injuries.

Although the police report listed Frederick as the driver of the vehicle, Gulley filed a complaint on December 23, 1993, against William P. Winter, Frederick's father, in the United States District Court for the Northern District of Illinois, alleging that "William" caused the collision by negligently operating his vehicle.[2] The summons and complaint were served on William on January 5, 1994. Within twenty-four hours of receiving the summons, William contacted Frederick and informed him about Gulley's complaint.

On January 28, 1994, the case was transferred to the United States District Court for the Southern District of Indiana. Shortly thereafter, William filed his answer to Gulley's complaint, arguing that he was not the driver of the vehicle and raising the court's lack of diversity jurisdiction as an affirmative defense. In response, on June 1, 1994, Gulley filed a motion to amend the complaint by interlineation, requesting permission to substitute Frederick as the driver identified in the complaint and asking that the amendment relate back to the date of the filing of the complaint. On June 2, 1994, the court granted Gulley's motion. The next day, however, the court dismissed the action due to a lack of diversity jurisdiction.

On August 9, 1994, Gulley refiled his complaint against Frederick in the Morgan County Superior Court. In his answer to the complaint, Frederick argued that Gulley's action was barred by the statute of limitations because it was not filed within two years from the date of the accident. Thereafter, both Gulley and Frederick moved for summary judgment on the statute of limitations

---

1. Ind.Code § 34–1–2–8.

2. Gulley's complaint also named Keinsley as a defendant. However, Keinsley is not a party to this appeal.

issue. Specifically, Gulley argued that Indiana's Journey's Account Statute extended the statute of limitations on his claim because the complaint was dismissed from federal court on jurisdictional grounds and did not constitute an adjudication on the merits of the claim.

Following a hearing on October 8, 1996, the trial court denied Gulley's motion and granted Frederick's motion for summary judgment. In particular, the court found that the federal court's order granting the motion to amend the complaint was invalid due to the court's lack of jurisdiction and, therefore, the Journey's Account Statute did not apply to extend the statute of limitations. Additionally, the court concluded that, pursuant to Ind.Trial Rule 15(C), Frederick had not received sufficient notice of the institution of the action prior to the running of the limitations period. Therefore, any amendment to the complaint would not relate back to the date of the original complaint. Gulley now appeals.

### DISCUSSION AND DECISION

#### I. Standard of Review

In reviewing the propriety of the grant of summary judgment, we apply the same standard as the trial court and resolve any doubt as to any fact or inference to be drawn therefrom in favor of the party opposing summary judgment. *Henshilwood v. Hendricks County*, 653 N.E.2d 1062, 1065 (Ind. Ct.App.1995), *trans. denied.* Summary judgment is appropriate only if the designated evidentiary material shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The party appealing the grant of summary judgment has the burden of persuading the court on appeal that the trial court's grant was erroneous. *Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind.1993).

#### II. Journey's Account Statute

Gulley contends that the trial court erred by not giving effect to the federal court order allowing the amendment of his complaint. Specifically, he argues that the trial court was required to give effect to the federal court order, pursuant to Indiana's Journey's Account Statute, for the purpose of preserving his claim in state court.

The Journey's Account Statute provides, in pertinent part, as follows:

(a) This section applies if a plaintiff commences an action and the plaintiff fails in the action from any cause except:

  (1) negligence in the prosecution of the action;

  (2) the action abates or is defeated by the death of a party; or

  (3) a judgment is arrested or reversed on appeal.

(b) If subsection (a) applies, a new action may be brought not later than the later of:

  (1) three (3) years after the date of such determination under subsection (a); or

  (2) the last date an action could have been commenced under the statute of limitations governing the original action;

and be considered a continuation of the original action commenced by the plaintiff. IND.CODE § 34-1-2-8. As our supreme court recently explained, "[the statute's] typical use is to save an action filed in the wrong court by allowing the plaintiff enough time to refile the same claim in the correct forum." *Cox v. American Aggregates Corp.*, 684 N.E.2d 193, 195 (Ind.1997). Pursuant to this statute, a plaintiff whose cause of action has been dismissed from another jurisdiction on technical grounds can refile the action within three years in an Indiana court. For example, an action dismissed for a lack of jurisdiction in one forum can be refiled in the proper forum despite the intervening running of the statute of limitations. *Cox*, 684 N.E.2d at 194–95. This "new" action will be considered a continuation of the original action for purposes of the statute of limitations.

■ According to Gulley, the Journey's Account Statute applies in the present case to require the trial court to give effect to the federal court's order allowing the amendment. In particular, he argues that the federal court properly determined that the

amendment naming Frederick as the defendant related back to the date of the original complaint under the Federal Rules of Civil Procedure. Because the complaint correctly named Frederick before the action was dismissed for lack of jurisdiction and was refiled in an Indiana court within three years from the date of dismissal, Gulley argues that, pursuant to the Journey's Account Statute, the federal court's order was valid and binding on the state court, making the action filed against Frederick in Indiana a mere continuation of the federal court action. Therefore, Gulley contends that his action is not barred by the statute of limitations.

In support of his argument, Gulley relies on this court's decision in *Ware v. Waterman*, 146 Ind.App. 237, 253 N.E.2d 708 (1969). In *Ware*, the plaintiff filed a complaint against the defendant for injuries suffered in an automobile accident. *Id.*, 253 N.E.2d at 710. After the two year statute of limitations expired, however, the plaintiff discovered that the defendant had died and, therefore, moved to substitute the special administrator of the estate as the defendant. *Id.* The trial court granted the motion, noting that a special statute extended the statute of limitations on the action for eighteen months because of the death of the defendant and that the motion to substitute was made within this time period. *Id.* However, the trial court later discovered that the proper procedure to initiate an action against the special administrator was to file a new action, rather than substitute parties. *Id.* As a result, the trial court dismissed the action. *Id.* By the time the plaintiff filed a new complaint against the special administrator, however, the eighteen month statute of limitations had expired and the trial court granted summary judgment in favor of the special administrator on these grounds. *Id.* at 711. On appeal, we reversed, stating that the plaintiff's "amended" complaint was essentially the filing of an original action against the special administrator. *Id.* at 712–13. Because the amendment occurred prior to the expiration of the statute of limitations, we held that the plaintiff's cause of action fell within the purview of the Journey's Account Statute and, thus, was not barred by the statute of limitations. *Id.* Similarly, Gulley

argues that the trial court should have given effect to the federal court's order allowing the amendment of his complaint, even if the court did not have jurisdiction over the case. We disagree.

■ Our conclusion in *Ware* was based on the fact that the plaintiff had taken steps to file the action against the proper party, within the statute of limitations, by attempting to amend the complaint. Here, unlike *Ware*, Gulley's attempt to amend the complaint did not occur until after the statute of limitations had expired. Further, although the Journey's Account Statute allows an individual to save an action that was filed in the wrong court, the statute was not designed to give effect to an order of another court in which the case was improperly filed. Here, it is undisputed that the federal district court was an improper forum because it did not have subject-matter jurisdiction over the present case. When a federal court lacks jurisdiction, its decisions, opinions and orders are void. *Matter of Querner*, 7 F.3d 1199, 1201 (5th Cir.1993); *see also Federal Sav. and Loan Ins. Corp. v. PSL Realty Co.*, 630 F.2d 515, 521 (7th Cir.1980) ("It is equally well settled that where, as here, the court lacks jurisdiction to adjudicate the principal matter, its orders purporting to grant ancillary relief ... are likewise beyond its jurisdiction and *void ab initio*."), *cert. denied*, 452 U.S. 961, 101 S.Ct. 3109, 69 L.Ed.2d 971 (1981). As a result, the court was without power to apply the federal rules and grant the relation back of the amended complaint. To uphold the federal court's order under the Journey's Account Statute, as Gulley urges us to do, would be to bind the parties to an order of a court which has no power over them.

Moreover, the federal court's determination regarding the relation back of Gulley's amended complaint was based on the Federal Rules of Civil Procedure. As noted, however, the federal court did not have jurisdiction over the case and, therefore, federal procedural rules do not apply. Instead, our rules of trial procedure govern whether Gulley's amended complaint relates back to the date the original complaint was filed. Under these circumstances, the trial court did not err by failing to give effect to the federal court's order.

### III. Relation Back of Amendment

■ Having concluded that the trial court properly determined that the federal court order was unenforceable and that the Federal Rules of Civil Procedure do not apply, we must still determine whether the amended complaint relates back under Indiana law. Ind.Trial Rule 15(C) governs the relation back of amendments and provides, in pertinent part, as follows:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment ·changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) Knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Under the express terms of the rule, therefore, the defendant must have notice of the institution of the action and the knowledge that a mistake must have occurred "within the period provided by law for commencing the action." *Fifer v. Soretore–Dodds,* 680 N.E.2d 889, 891 (Ind.Ct.App.1997). In this case, it is undisputed that Frederick did not receive Gulley's complaint until January 5, 1994, approximately seven days after the applicable statute of limitations had expired.

However, Gulley argues that, pursuant to our supreme court's decision in *Waldron v. Wilson,* 532 N.E.2d 1154 (Ind.1989), notice prior to the statute of limitations is not required under T.R. 15(C). In *Waldron,* the plaintiff brought a personal injury action against two individuals, alleging that he had been injured because the defendants negligently maintained a corn drying auger on their farm. *Id.* at 1155. After the statute of limitations had expired on his claim, however, the plaintiff discovered that the defendants' corporation owned the farm. *Id.* As a result, he amended his complaint to add the corporation as a defendant and requested that the amendment relate back to the date of the filing of the original complaint. *Id.* The trial court denied his motion. *Id.* On appeal, our supreme court held that the amendment related back to the date of the filing of the original complaint, even though the corporation did not receive notice of the complaint until after the statute of limitations expired. *Id.* at 1156. As Gulley notes, in reaching this decision, the court expressly stated that T.R. 15(C) "does not require process or that a summons be served before the statute of limitations has expired." *Id.*

■ However, Gulley fails to recognize that the *Waldron* court specifically noted that, although the corporation had not received a complaint or summons prior to the expiration of the statute of limitations, it had received notice of the impending action from its insurance carrier before the limitations period had run. *Id.* at 1156. As a result, the corporation had constructive notice of the institution of the action in a timely manner. *Id.* at 1157 (Dickson, J., concurring). Here, Gulley has not presented, and the record does not reveal, any evidence indicating that Frederick had notice of the lawsuit prior to the running of the statute of limitations. Although Frederick's father had learned about a possible claim from his insurance company prior to the expiration of the limitations period, he testified that he had not discussed any of these notices with Frederick. R. at 109–10. Further, Frederick testified that he was not aware that an action was commenced until he received the complaint. R. at 130. Under these circumstances, we must conclude that Frederick did not have actual notice, pursuant to T.R. 15(C), of the institution of Gulley's action.

Gulley also argues, however, that even if Frederick did not have actual notice, he should have known about the lawsuit because his father knew about the impending action before the statute of limitations ran. Citing *Logan v. Schafer,* 567 N.E.2d 855 (Ind.Ct. App.1991), he contends that this court has established a per se rule that an amended complaint relates back under T.R. 15(C) if the original complaint was served on a close

relative of the party who was improperly omitted from the complaint. We disagree.

In *Logan,* the plaintiff inadvertently omitted a second defendant from her original complaint. *Id.* at 856. When she discovered the omission, she moved to amend her complaint to include the second defendant. *Id.* The trial court denied her motion. *Id.* On appeal, we affirmed the trial court, noting that the second defendant had not received notice of the commencement of the action prior to the expiration of the statute of limitations. *Id.* In reaching this decision, however, we also stated that this was not a case "where there was some type of identity between the party named and the party omitted." *Id.*

Notwithstanding Gulley's contention to the contrary, this statement in no way establishes a per se rule that an amended complaint relates back under T.R. 15(C) if the original complaint was served on a close relative of the party omitted. In fact, the primary case cited as authority for this statement in *Logan* specifically indicates that an amendment does not relate back merely because the parties are closely related; rather, relation back is proper only when the second defendant is informed of the lawsuit before the statute of limitations runs. *See Smith v. McFerron,* 540 N.E.2d 1273, 1276 (Ind.Ct. App.1989) ("We note that we allow relation back here not because Neal and James are relatives. Rather, we hold this amended complaint relates back to the original because the facts fulfill all of the requirements of T.R. 15(C)"). As previously stated, nothing in the record indicates that Frederick knew or should have known of the lawsuit prior to the expiration of the statute of limitations. Thus, the requirements for relation back under T.R. 15(C) were not satisfied. The trial court properly concluded that the amendment did not relate back to the date of the filing of the original complaint.

Judgment affirmed.

ROBERTSON and FRIEDLANDER, JJ., concur.